UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KIMBERLY SUE ATKISON, )
et al., )
 )
        Plaintiffs, )
 )
    vs. )         No. 4:06-CV-1694 (CEJ)
 )
STEAK N SHAKE, INC., )
et al., )
 )
        Defendants. )

**MEMORANDUM AND ORDER**

    This matter is before the Court *sua sponte* for a determination of subject matter jurisdiction.

**I.  Background**

    Plaintiffs bring this action to recover damages for injuries plaintiff Kimberly Sue Atkison allegedly sustained after falling at a Steak N Shake restaurant in St. Louis in April 2004. The action was originally filed in the Circuit Court for the City of St. Louis. Defendants removed the action the basis of diversity of citizenship on September 19, 2005. The case was remanded to the state court on January 25, 2005.

    Following remand, plaintiffs amended their petition to include a claim (Count V) based on "28 U.S.C. § 1983." Plaintiffs alleged that the defendants, in connection with the earlier removal, had used "Missouri licensed lawyers and the essential facilities of the U.S. District Court-Eastern District of Missouri and utilized the State action and the essential facilities of the State to intentionally, willfully, wantonly and maliciously tortiously

interfere with Plaintiffs' protected property interests." In light of the claims asserted in Count V, defendants removed the case again, this time based on federal question jurisdiction.

**II. Discussion**

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides:

> Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

In the instant case, the plaintiffs have filed a motion to remand, arguing, *inter alia*, that the Court lacks jurisdiction. Further suggestion of a lack of subject matter jurisdiction appears in the allegations of the plaintiffs' complaint. Thus, it is appropriate for the Court to consider whether dismissal of this action (or remand to the state court) is appropriate under Rule 12(h)(3).

The statute cited by plaintiffs as the basis for Count V ("28 U.S.C. § 1983) is nonexistent. However, because of references plaintiffs make to their "42 U.S.C. § 1983 claim," the Court will assume that it is on that statute that they base their claims of constitutional deprivation.

To prevail on their claims under 42 U.S.C. § 1983, plaintiffs must prove (1) that the defendant's conduct was under color of law and (2) that the defendant's conduct deprived plaintiffs of some right, privilege or immunity secured by the Constitution or laws of the United States. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hamilton v. Schriro, 74 F.3d 1545, 1549 (8th Cir. 1996).

A non-governmental entity may be deemed to act under color of law when the entity acts or purports to act in the performance of official duties under any state or local law. A private party may be liable under § 1983 if "he is a willful participant in joint action with the State or its agents." Mershon v. Beasley, 994 F.2d 449, 451 (8th Cir. 1993). To state a valid claim, a plaintiff "must allege, at the very least, that there was a mutual understanding or a meeting of the minds, between the private party and the state actor." Id.

In Count V, the plaintiffs allege that the defendants used Missouri-licensed attorneys to accomplish the claimed constitutional violation. However, a private attorney cannot be deemed a state actor simply by being licensed by the state. Miller v. Compton, 122 F.3d 1094, 1098 (8th Cir. 1997). Moreover, the defendants' invocation of court rules for the purpose of violating the plaintiffs' constitutional rights does not constitute action under color of law. Finally, the color of law requirement cannot be established by plaintiffs' assertion that the defendants used the facilities of this Court, as there is no allegation that the defendants and the Court came to any "mutual understanding or meeting of the minds" to deprive plaintiffs of their rights.

Federal subject matter jurisdiction is absent "where the claim set forth in the pleading is plainly unsubstantial." Levering & Garriques Co. v. Morrin, 289 U.S. 103, 105 (1933); United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966)(citing Morrin and noting that "the federal claim must have substance sufficient

to confer subject matter jurisdiction on the court"). A federal claim which is "obviously without merit" is deemed to be plainly unsubstantial and does not confer federal subject matter jurisdiction. Morrin, 289 U.S. at 105.

For the reasons discussed above, the Court finds plaintiffs' 42 U.S.C. § 1983 claim in Count V to be insufficient to establish subject matter jurisdiction. See Dixon v. Coburg Dairy, Inc., 369 F.3d 811 (4th Cir. 2004)(finding that defendant did not act under color of state law and therefore § 1983 claim is "insufficiently substantial" to confer federal subject matter jurisdiction). The plaintiffs' remaining claims are based wholly on state law, and do not present any question of federal law. For these reasons, the Court finds that it lacks subject matter jurisdiction over this matter. Therefore, remand is necessary.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall remand this action to the Twenty-Second Judicial Circuit (City of St. Louis) of Missouri from which it was removed.

**IT IS FURTHER ORDERED** that all pending motions are **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of April, 2007.